F.E. VAN SICKLE, District Attorney, Barron County
You have asked my opinion whether a group of judges, who feel that the deposit schedule established by the state board of county judges pursuant to sec. 345.26 (2) (a), Stats., is too high for some offenses, may change such schedule to show lesser amounts of deposit before such schedule is furnished to traffic officers. It is my opinion that this cannot be done. *Page 402 
The above-cited statute reads:
"(2) (a) The basic amount of the deposit for the alleged violation of a traffic regulation shall be determined in accordance with a deposit schedule which the board of county judges shall establish. Annually, the board shall review and may revise the schedule."
Section 345.23 (2) (a), Stats., provides that an officer must release an arrested person when he makes a deposit under sec.345.26, Stats. There is no authority for anyone other than the board of county judges to establish or revise the schedule. While sec. 345.23 (1), Stats., authorizes a traffic officer to release an arrested person without requiring him to make a deposit, where such officer does require a deposit, there is no authority for him to require a deposit in an amount less than prescribed in the schedule. Officials authorized by sec. 345.26 (1) (a), Stats., to receive a deposit are not authorized to receive deposits in amounts less than prescribed by such schedule.
The reason for this is readily apparent. Before the enactment of ch. 278, Laws of 1971, the amounts required to be deposited varied from one county to another throughout the state. Arrested persons found that, for the same offense in two different counties, the amounts would be different. This was regarded as unfair and it was this very situation which the new law was designed to eliminate. It was felt that the only fair way was to have the amounts of deposit uniform throughout the state. This purpose would be defeated by the proposal you have advanced.
We understand that other persons have also voiced the opinion that the deposit schedule is too high in some respects. On page one of the deposit schedule is a statement inviting suggestions for correction or modification. A study of the schedule has already revealed that a few statutory violations have been left out. Also, there is at least one statutory violation included in the schedule which has been repealed. These will be called to the board's attention. I recommend that all interested persons send their suggestions for change to the Board of County Judges in care of the Court Administrator's Office, 18 East, State Capitol, *Page 403 
Madison, Wisconsin. While the board is required to review the schedule annually, there is no reason why it cannot reconsider more often than that.
RWW:AOH