GEORGE E. RICE, Acting Corporation Counsel Milwaukee County
You request my opinion as to whether a municipality must pay the five dollar nonrefundable fee provided for in section814.63(2), Stats., where a forfeiture action has been disposed of in circuit court after transfer from the municipal court of such municipality upon demand for jury. *Page 130 
I am of the opinion that a municipality must pay the fee in such a situation. Section 814.63(1), (2) and (4) provides:
 Fees in forfeiture actions. (1) In all forfeiture actions in circuit court, the clerk of court shall collect a fee of $10 to be paid by the defendant when judgment is entered against the defendant.
 (2) Upon the disposition of a forfeiture action in circuit court for violation of a municipal ordinance, the municipality shall pay a nonrefundable fee of $5 to the clerk of circuit court.
. . . .
 (4) In forfeiture actions in which a municipality prevails, costs and disbursements shall be allowed to the municipality subject only to such limitation as the court may direct.
This section was created by chapter 317, Laws of 1981, which included a number of provisions for increased fees to be collected in circuit courts for division between the county and state to cover part of the costs of operation of such courts. The costs of operating a circuit court with respect to handling forfeiture actions where a jury trial is demanded are substantially the same whether the action is started in circuit court or transferred from a municipal court upon demand for jury. Section 814.63 contains no language which exempts a municipality from payment of the nonrefundable fee of five dollars where the defendant exercises the right of transfer from municipal court to circuit court nor does it contain any language which exempts a municipality from payment of clerk's fees unless and until the defendant pays costs in the action.
The five dollar "nonrefundable fee" must be paid by the plaintiff municipality whose ordinance is involved. The fee is not to get into court but rather to voluntarily or involuntarily use the circuit court and, casually speaking, must be paid to get out of court. AS the statute plainly states, the fee is not paid on filing, but rather "[u]pon the disposition of a forfeiture action in circuit court . . . ." Sec. 814.63(2), Stats. Where the municipality prevails it can recover the fee from the defendant under section 814.63(4). However, the fee must be paid to the clerk of circuit court "upon the disposition" of the action, which would include dismissal upon stipulation or for lack of prosecution and nonsuit. Webster's Third New InternationalDictionary 654 (4th ed. 1976) defines "disposition" as "the act or the *Page 131 
power of disposing or disposing of or the state of being disposed or disposed of . . . ."
Fee increases and sharing provisions in chapter 814 which resulted from enactment of chapter 317, Laws of 1981, became effective July 1, 1981. That chapter also amended sections 66.12(3)(a) and 778.195, Stats. (1979), which had provided that "the clerk's fee shall not exceed $5, except that a municipality need not advance clerk's fees, but shall be exempt from payment of the fees until the defendant pays costs under this section." The amendment of these sections, according to 1981 Senate Bill 767, was in part connected with the insertion in section814.63(2) of the language "nonrefundable fee of $5" payable by the municipality "[u]pon the disposition of a forfeiture action in circuit court . . . ." Section 66.12(3)(a) now provides: "Fees in forfeiture actions in circuit court for violations of ordinances are prescribed in s. 814.63(1) and (2)." Section778.195 similarly provides: "Fees in forfeiture actions under this chapter are prescribed in s. 814.63."
You indicate that some municipalities agree that the fee applies where a municipality files the action in circuit court. They contend that it should not, however, apply where a municipality has gone to the expense of creating its own municipal court which it utilizes for forfeiture actions involving its ordinances and the defendant demands a jury trial which necessitates transfer to circuit court. In such a situation, section 800.04(1)(d) provides:
 If the defendant pleads not guilty and within 10 days after entry of the plea requests a jury trial and pays the required fees, the municipal judge shall promptly transmit all papers and fees in the cause to the clerk of the circuit court of the county where the violation occurred for a jury trial under s. 345.43 . . . . The required fee for a jury is prescribed in s. 814.61(4).
The jury fee prescribed in section 814.61(4) is "$2 per juror demanded." This statute, in association with section 814.63(2), therefore requires transfer upon demand for jury trial and the appropriate payment of fees. Moreover, the plain language of section 814.63(2) makes it applicable to every disposition of a forfeiture action in a circuit court involving violation of a municipal ordinance other than appeals, reviews or new trials to or in circuit court which *Page 132 
are subject to higher specific fees by reason of sections814.61(8) and 814.65(5).
BCL:RJV:CKM