J. DENIS MORAN, Director of State Courts Supreme Court ofWisconsin
You request my opinion whether the five dollar nonrefundable fee charged to a municipality under section 814.63(2), Stats., may be passed on to the defendant. The fee is charged upon disposition of a forfeiture action in circuit court for violation of a municipal ordinance. You report that some municipalities pass the fee on to defendants by enacting an ordinance adding the fee to the uniform deposit schedule amounts set by the Judicial Conference pursuant to section 345.26(2)(a). In addition, some courts assess the fee as costs against the defendant in cases where the municipality prevailed.
I am of the opinion that the municipality must pay the five dollar fee imposed under section 814.63(2); the fee may not be passed on to the defendant.
Section 814.63(2), (3) and (4) provide that:
 (2) Upon the disposition of a forfeiture action in circuit court for violation of a municipal ordinance, the municipality shall pay a nonrefundable fee of $5 to the clerk of circuit court.
 (3) In addition to any forfeiture imposed, the defendant shall be required to pay any applicable:
(a) Penalty assessment imposed by s. 165.87.
(ag) Jail assessment imposed by s. 302.46(1).
 (aj) Automatic reinstatement assessment imposed by s. 345.54(1).
 (ar) Domestic abuse assessment imposed by s. 973.055(1). *Page 152 
 (b) Driver improvement surcharge imposed by s. 346.655.
 (bm) Uninsured employer assessment imposed by s. 102.85(4).
 (bs) Environmental assessment imposed by s. 144.992.
 (c) Natural resources assessment imposed by s. 29.997.
 (d) Natural resources restitution payment imposed by s. 29.998.
 (e) Wild animal protection assessment imposed by s. 29.9965.
 (eg) Fishing shelter removal assessment imposed by s. 29.9967.
 (er) Snowmobile registration restitution payment imposed by s. 350.115.
(f) Weapons assessment imposed by s. 167.31(5).
 (4) In forfeiture actions in which a municipality prevails, costs and disbursements shall be allowed to the municipality subject only to sub. (2) and such other limitation as the court may direct.
The above sections were created by chapter 317, Laws of 1981, which included a number of provisions for increased fees to be collected in circuit courts to cover part of the cost of operation of such courts.
As originally enacted, section 814.63(4) provided: "In forfeiture actions in which a municipality prevails, costs and disbursements shall be allowed to the municipality subject onlyto such limitations as the court may direct." Based on that language, my predecessor stated that the section authorized a municipality to recover the five dollar fee imposed under section814.63(2) from a defendant in actions where the municipality prevailed. 72 Op. Att'y Gen. 129, 130 (1983). *Page 153 
Subsection 814.63(4) was subsequently amended by 1987 Wisconsin Act 399. As indicated above, the section now provides that costs and disbursements shall be allowed to the municipality "subject only to sub. (2) [of section 814.63] and such other limitation as the court may direct." Sec. 814.63(4), Stats.
The language in section 814.63, as amended, is clear. Subsection (2) provides that the municipality "shall" pay a five dollar fee to the clerk of circuit court. The subsection contains no language permitting the defendant to pay the fee. Subsection (4) refers to the requirement in subsection (2) as a "limitation" on the costs and disbursements allowed to a municipality. This limitation is susceptible of only one interpretation — that the five dollar fee imposed on a municipality under subsection (2) may not be included in costs and disbursements awarded to a municipality in cases where the municipality prevailed.
Moreover, as you point out, the apparent purpose of the fee is to require municipalities to contribute toward the cost of handling municipal cases in circuit court or, alternatively, to encourage municipalities that prosecute a high volume of municipal ordinance violations to establish a municipal court. The purpose of having the judicial conference establish a deposit schedule pursuant to section 345.26(2) is to ensure that the amounts of deposit assessed against persons arrested for traffic offenses are uniform throughout the state. 61 Op. Att'y Gen. 401 (1972). Interpreting section 814.63 to permit the five dollar fee imposed under section 814.63(2) to be passed on to defendants would defeat those purposes.
For the above reasons, I conclude that the municipality must pay the five dollar nonrefundable fee imposed under section814.63(2). The fee may not be passed on to a defendant by adding the fee to the uniform deposit schedule amounts or by assessing the fee as costs against the defendant in actions where the municipality prevailed.
JED:MWS *Page 154